STATE EX REL. RUSS, APPELLANT, v. FIRE DEPARTMENT RELIEF ASSOCIATION OF CITY OF MISSOULA, RESPONDENT.

(No. 8359.)
(Submitted April 9, 1943. Decided May 5, 1943.)
[136 Pac. (2d) 989.]

Mr. *Ralph L. Arnold,* for Appellant, submitted a brief and argued the cause orally.

Mr. *Fred W. Schilling* and *Messrs. Murphy, Garlington &*

*Pauly,* for Respondent, submitted a brief; *Mr. Edmund T. Fritz,* of counsel, argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Application was made by the plaintiff to the district court for Missoula county for an alternative writ of mandate, requiring the defendant, the Fire Department Relief Association of the city of Missoula, a corporation, to accept his application for membership in that association or to show cause for its failure to do so. Motion to quash and an answer were filed by the defendant and, after hearing, judgment was entered for the association. The court reporter having died between the time of the hearing and the perfection of this appeal, the facts, under stipulation of the parties, are before this court on the various exhibits and the resume of the testimony as recalled by counsel. This appeal is from the judgment.

Plaintiff was temporarily employed as a fireman in the Missoula Fire Department, beginning on September 1, 1918. His employment was discontinued about April 30, 1919. On April 20, 1920, when he was past 45 years of age he was appointed by the city council to the position of auto mechanic. He was reappointed year after year until June 15, 1941, when the position was abolished and he was, at his own request, granted leave of absence without pay by the city council. He was carried on the pay roll of the city as an auto mechanic and his yearly appointment designated him as auto mechanic. He received a slightly higher rate of pay than regular firemen and worked only day shifts. He was carried by the city on its Industrial Accident Commission list and payments were made to the Board for him, whereas no such payments were made for the regular firemen. On occasion he served as pump man, hose man and truck driver, and occasionally was called out for service while off shift to help fight large fires. In performing his services as auto mechanic he took care, not only of the equipment of the fire department but of other automotive equipment

of the city, including the equipment of the street department and police department. While other members of the fire department were carried on a civil service list of the city, this was not the case of plaintiff. He did not qualify by application, examination or otherwise, for a place on that list. He did not take the physical examination provided for in section 5113, Revised Codes 1935, for firemen; he did not serve the required probationary period; his name was never entered on the registry of eligibles for the fire department; he was not confirmed as a fireman under the civil service regulations; he did not make written application or tender a fee for membership in the Missoula Fire Department Relief Association, nor did he pay any of the required dues to the Relief Association; nor was his salary subject to deduction required by law as were the salaries of the regular, confirmed firemen. He did, subsequent to 1930, discuss the matter with members of the Relief Association, city council, city attorney and city mayor. He did not, prior to filing this action, take any legal steps to establish his claim as a qualified applicant for membership.

The single question upon this appeal is whether or not plaintiff's application and the agreed statement of facts show that he is entitled to membership in the Relief Association. Qualifications for membership in the association are fixed by statute. The association itself is a creature of the statute and supported by statutory levy, and the state may enforce such qualifications for membership in the association as it chooses. It is admitted by plaintiff here that he did not comply with the statutory requirements for membership, but he relies upon the fact that he has done the work of a fireman, and, in fact, is one.

Before plaintiff's petition for the writ can be granted, he must show a clear legal right in himself to membership in the association. We said in the recent case of *State ex rel. Blenkner* v. *Stillwater County*, 102 Mont. 130, 56 Pac. (2d) 1085, 1086: ''The rule is well established that before a person is entitled to a writ of mandamus, he must establish a clear legal right in himself and a violation of a duty by the person or officer sought

to be coerced. (*State ex rel. Peterson* v. *Peck,* 91 Mont. 5, 4 Pac. (2d) 1086; *State ex rel. Brink* v. *McCracken,* 91 Mont. 157, 6 Pac. (2d) 869.) Such a writ will issue only to compel the performance of a clear legal duty. (*State ex rel. City of Billings* v. *Osten,* 91 Mont. 76, 5 Pac. (2d) 562.) The party applying for the writ must disclose the facts which establish his clear legal right to the relief sought. (*State ex rel. Duggan* v. *District Court,* supra [65 Mont. 197, 210 Pac. 1062].)'' Plaintiff's application and the facts do not bring him within the requirements set out in that case.

It is first to be noted that plaintiff was ineligible to the position of fireman at the time he first was employed by the city as auto mechanic. Section 5113, Revised Codes 1935, which was in effect at the time of his original appointment as section 3330, Revised Codes 1907, provides: ''The qualifications of firemen shall be that they shall be qualified voters of the city or town, *not over forty-five years of age,* and shall have passed a physical examination by a practicing physician duly authorized to practice in this state, which examination shall be in writing and filed with the city or town clerk. Such examination shall disclose the ability of such applicant to perform the physical work usually required of firemen in the performance of their duty. Should there be any firemen in the existing fire department of cities and towns, whose age at the time of their appointment is forty-five years or over, the same shall be retired from the service of such department.'' Plaintiff admits that he was over forty-five years of age at the time of his appointment; that he did not take the physical examination required by section 5113, and that he has in no way complied with that section. It would seem that, under that section, even though the city did attempt to appoint him as a fireman, the appointment would be invalid.

Prior to the time when plaintiff first made any attempt at all to secure membership in the association, section 5130, Revised Codes 1935, then section 5130, Revised Codes 1921, as amended, defined the qualifications for membership as follows: ''No one

serving as a substitute or on probation, *nor any person who has not been confirmed a member* of an organized fire department is eligible for membership in the relief association." No method is provided for confirmation in this section. However, it seems reasonable to suppose that confirmation could be a very informal matter but that some action by the city council indicating its intention to confirm a person as a member of the fire department is necessary before this requirement of the statute is complied with. (See sec. 5110, Rev. Codes 1935.) No action, either formal or informal, was taken by the city council to this end.

Plaintiff urges, however, that the fact that he was permitted to perform some of the duties of a fireman and, in fact, was ordered to do so, indicates an intention to confirm him as a member of the fire department. In the absence of a specific statute there might be some weight in this contention in spite of the legislative language which seems to require something more than that before a person can be considered a confirmed member of a fire department, yet other facts overwhelmingly negative an intention of the city council of Missoula to, by affirmative action, do anything that would recognize that plaintiff was a member of the fire department. In the first place, in view of his age the city was without power to either appoint or confirm him as fireman, as we have said; (2) he was carried upon the payroll, not as a fireman, but as an auto mechanic; (3) he repaired other vehicles in addition to those belonging to the fire department itself; (4) he was paid more than the regular firemen; (5) he worked only day shifts; (6) his appointment was from year to year; (7) he was not carried as a civil service employee; (8) he at no time qualified as a civil service employee as required of other firemen; (9) he was carried as a regular employee of the city for compensation purposes under the Industrial Accident statute, which was not true of firemen. In fact, everything about his appointment, his position and his status in the eyes of the city council negative any intention on its part to confirm him as a regular member of the fire depart-

ment of the city of Missoula. Under these circumstances it cannot be said that he was a regularly confirmed member of the fire department as required by the statute; nor can it be said that the plaintiff has shown a clear legal right in himself to membership and a clear disregard of its duty by the defendant. The qualifications for membership in the association being statutory, and the association itself being a creature of the statute, this court is bound by the provisions of that statute and cannot disregard it.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.