**People of the State of Illinois, Appellant, v. Ned J. Vaglica, a/k/a Ned Vaglica, Appellee.**

Gen. Nos. 52,415, 52,416. (Consolidated.)

First District, Fourth Division.

July 24, 1968.

John H. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joseph Roddy, and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant was indicted for burglary and unlawful possession of narcotics. Prior to trial he filed a motion to suppress certain evidence taken by the police from a bag within the general area where he was arrested.[1] The motion was allowed, and the State has appealed.[2]

At the hearing on the motion, defendant testified he was arrested on July 29, 1965, at 7:30 a. m. He was alone on the second-floor back porch of his friend's apartment. The porch was semienclosed, having windows and a door. He was attempting to attract his friend's attention by knocking on the back door to the apartment. The arrest was made without a warrant. Incident to the arrest, defendant was searched and nothing incriminating was found.

On cross-examination, defendant was asked whether, at the time he was arrested, he had a shopping bag with him. He answered in the negative and also denied grabbing for a shopping bag in the presence of the police.

The State's only witness was Donald R. Lohse, the arresting officer. He testified he went to the rear of the apartment in response to a complaint that an intoxicated

[1] Ill Rev Stats (1967), c 38, § 114-12.

(a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property and to suppress as evidence anything so obtained on the ground that:

(1) The search and seizure without a warrant was illegal;
. . .

(b) . . . The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant.

[2] Supreme Court Rule 604(a); Ill Rev Stats (1967), c 110A, § 604(a). See, also, People v. Zeravich, 30 Ill2d 275, 195 NE2d 612 on the State's right to appeal.

man was climbing through a window from the rear porch on the second story. When he arrived, he parked his squad car in the alley and approached through the yard. He saw a man banging on the door and yelling for somebody. It took Lohse about two minutes to get to the second-floor porch from the alley, at which time defendant was seen to be part way through the window, leaning inside and yelling the name "Tony." Lohse promptly arrested defendant and found certain property "in his possession" which he said the State intends to introduce into evidence at defendant's trial. This property was not seized from defendant's person, but was observed by the officer in a shopping bag on the floor of the porch.

Lohse also testified that the apartment did not belong to defendant, that the porch was "public," and that defendant was never charged with committing an offense at the apartment. (He was indicted for burglary of a drugstore and for possession of narcotics—the contents of the shopping bag—which were the proceeds of such burglary.)

 Although we have not been assisted by the filing of any brief on behalf of the appellee, we find at the outset that Officer Lohse's characterization of the porch as "public" is manifestly incorrect. The prohibition against unreasonable searches and seizures applies to persons, houses, papers and effects, but open fields, pastures, woods and similar places are not protected. Hester v. United States, 265 US 57, 59. While this means that a mere trespass onto a person's land is not in itself a basis for excluding evidence found thereby, it does not follow that all out-of-door searches not directed to persons or vehicles are lawful. Traditionally, courts have held that the curtilage, whether fenced or open, is an area protected from unreasonable searches. The porch in question, being within the curtilage, will therefore be considered as within the zone of protection.

Prior to People v. De Filippis, 34 Ill2d 129, 214 NE2d 897 (Jan 1966), this case would have been disposed of on the basis of defendant's lack of standing to seek suppression of evidence unlawfully obtained in violation of another person's rights. See Goldstein v. United States, 316 US 114; People v. Perry, 1 Ill2d 482, 116 NE2d 360. The De Filippis decision, however, following Jones v. United States, 362 US 257, held that:

> . . . the possession on the basis of which defendants' convictions could be obtained and enhanced was sufficient to give each of them (defendants) standing to move for the suppression of the evidence alleged to have been unlawfully seized. (P 137.)

Hence, we are constrained to ignore the fact that this defendant claimed no interest in the premises where the property was found and specifically denied that the shopping bag belonged to him or was in his possession. Accordingly, defendant will be considered as having standing to make the instant motion to suppress.

Returning, therefore, to the curtilage concept, we find it helpful to defendant but not determinative. If an officer enters premises on legitimate business, he is guilty of no impropriety in allowing his "eyes to wander." Ellison v. United States, 206 F2d 476. Property discovered by a policeman lawfully present for the purpose of making an arrest, or for some other lawful purpose, is not protected against use at trial. E. g., People v. Barbee, 35 Ill2d 407, 220 NE2d 401 (police in a garage hoping to arrest the defendant, saw a stolen car under a tarpaulin) ; People v. Sprovieri, 95 Ill App2d 10, 238 NE 2d 115 (police in a garage hoping to arrest defendant, saw a murder weapon) ; Ellison v. United States, supra (police on a porch hoping to question defendant, observed fruits of a burglary on the ground) ; United States v. Young, 322 F2d 443 (police entering premises to arrest

the defendant, saw illicit whiskey-making equipment);
Polk v. United States, 314 F2d 837 (police on an outside
stairway, observed actions of the defendant on roof
top).

██ We believe that this case could be disposed of
on the ground that there was no search at all, since the
shopping bag was in open view and there was no "prying
into hidden places for that which is concealed." People v.
Davis, 33 Ill2d 134, 138, 210 NE2d 530; People v. Mc-
Cracken, 30 Ill2d 425, 429, 197 NE2d 35. We shall never-
theless consider other questions which have presented
themselves to us.

██ In the case on appeal, defendant was arrested as
stated above. The arrest was lawful if Lohse had rea-
sonable grounds to believe that defendant was commit-
ting or had committed an offense. Ill Rev Stats (1965),
c 38, § 107–2. Lohse had received a complaint that an
intoxicated man was trying to enter the apartment
through a rear window. This complaint was corroborated
when he saw defendant near the window. And by the
time Lohse arrived on the porch, defendant was lean-
ing inside the window. We hold that, under these circum-
stances, the officer did have reasonable grounds to be-
lieve defendant was committing an offense, and, thus, it
follows that the arrest was lawful. As we said in People
v. Sprovieri, supra:

> The legality of the officers' actions should not be
> assessed on the basis of fine-spun theories applied
> through hindsight, but, rather, in the light of the
> factual and practical considerations of everyday life
> upon which reasonable and prudent men act. People
> v. Davis, 34 Ill2d 38. Nor are we concerned with
> whether or not there was then sufficient evidence
> to convict the person arrested. E. g., People v. Jones,
> 31 Ill2d 240.

■ Since the arrest was lawful, the search incident thereto was not shown to be unreasonable.[3] There is no evidence that the search extended beyond the immediate area of the porch. In fact, the contrary is clearly inferable, although such inference is unnecessary, since, on a motion to suppress, defendant bears the burden of proof. Ill Rev Stats (1967), c 38, § 114–12(b).

We also believe that the search (if it be considered that there was one in this case) and the seizure of the shopping bag were not unreasonable, even if they were not deemed dependent upon the existence of a lawful arrest. In re Boykin, 39 Ill2d 617, 237 NE2d 460, 462.

The seizure of the property in question, not having been shown to be unreasonable, was therefore lawful, and the order appealed from is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McCORMICK, P. J. and DRUCKER, J., concur.

---

[3] Ill Rev Stats (1965), c 38, § 108–1:
Search Without Warrant. When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of:

. . . . . .

(d) Discovering any instruments, articles, or things which may have been used in the commission of, or which may constitute evidence of, an offense.