THE STATE OF MONTANA ON THE RELATION OF ARMAND J. LUCIER, A. W. FETSCHER AND H. W. STOUTENBERG AS THE BOARD OF COUNTY COMMISSIONERS OF MISSOULA COUNTY, MONTANA, RELATORS AND APPELLANTS, v. JOHN G. MURPHY AS THE SHERIFF OF MISSOULA COUNTY, MONTANA, RESPONDENT.

No. 11882.
Submitted Nov. 17, 1970.
Decided Dec. 17, 1970.
478 P.2d 273.

Robert L. Woodahl, Atty. Gen., Lawrence D. Huss, argued, Asst. Atty. Gen., Helena, Harold J. Pinsoneault, County Atty., Missoula, for appellants.

Garnaas, Hall & Riley, J. Robert Riley, argued, and Harold L. Garnaas, appeared, Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the relators, the Board of County Commissioners of Missoula County, from an order in the district court of Missoula County which denied relator's request for a writ of mandamus to be issued to respondent, John G. Murphy, sheriff of Missoula County.

The record discloses that on October 2, 1969, relators issued a directive to respondent demanding an itemized detailed accounting of county funds received by respondent as sheriff for furnishing board to prisoners in the county jail. The directive set out "particular cost areas" relators wanted itemized in detail which included: "FOODSTUFF PURCHASES, NON-FOODSTUFF SUPPLIES, WAGES AND LABOR COST, EQUIPMENT COST, and MISCELLANEOUS COSTS". By letter of February 4, 1970, respondent refused to comply with the directive. Whereupon relators requested a writ of mandamus from the district court of Missoula County to compel an accounting by respondent. Respondent filed a motion to dismiss the request and the district court considered oral arguments and briefs of the respective parties. Finding no clear legal duty in Montana law requiring a county sheriff to make such a detailed accounting regarding funds used for boarding prisoners in county jails the district court denied the writ of mandamus.

The law in Montana has long held that for mandamus to lie the duty to be performed must be a "clear legal duty". State ex rel. Breen v. Toole, 32 Mont. 4, 10, 79 P. 403; State ex rel. Donlan v. Board of Commissioners, 49 Mont. 517, 522, 143 P. 984.

A "clear legal duty" does not exist in Montana law requiring a county sheriff to make an itemized detailed accounting of board furnished prisoners in county jails.

Section 25-227, R.C.M.1947, provides mandatory rates to be allowed sheriffs for boarding prisoners in county jails payable by a county at a certain amount per day for each prisoner.

The rate is inflexibly fixed by this section, and commands one substantial meal to be served to each prisoner during a twenty-four hour period.

In order to police the funding of board for prisoners in county jails and other functions of county sheriffs section 16-2823, R.C.M.1947, describes duties of county sheriffs:

"The sheriff of each county must, on the first Monday in January, and every three months thereafter, return to the county commissioners a certified list of the names of all prisoners in his custody on the last day of the preceding month, with the time and cause of their confinement, the length of time for which they were committed, and the number received and discharged during the p r e c e d i n g three months, and in case he fails so to do, the said sheriff must not receive any compensation for the sustenance of the prisoners in his custody."

This is the only "clear legal duty" of county sheriffs to report to county commissioners with regard to prisoners in the county jail, and it does not require the itemized detailed accounting that is requested by the relators in this case.

Relators cite sections 16-1001, 16-1013 and 16-1014, R.C.M. 1947, as authorizing a board of county commissioners to demand accountings from all officers including sheriffs who are responsible in some way for county funds. However, accountings provided by these sections are qualified by "limitations and restrictions as are prescribed by law", and sections 25-227 and 16-2823, R.C.M.1947, delineate the "limitations and restrictions" which encompass and restrict the accountings sheriffs must make to county commissioners. In the instant cause, relators cannot ask for a more extensive accounting from the respondent based on this law.

Likewise, relators cite sections 16-3801 and 16-3802(3), R.C.M.1947, as authorizing a board of county commissioners to audit county charges which include, "the board of prisoners allowed by law to sheriffs". Once again, the audit provided

for in these sections merely calls for an accounting as prescribed in sections 16-1013 and 16-1014, R.C.M.1947, which are limited in scope as previously described.

Hence there is no "clear legal duty" under Montana law to require a county sheriff to make an itemized detailed accounting of county funds expended on board for prisoners in a county jail to a board of county commissioners upon their request. For this reason a writ of mandate cannot issue to compel respondent to make such an accounting to the relators.

The order of the district court is affirmed.

MR. JUSTICES JOHN C. HARRISON, CASTLES, and DALY, concur.