No. 12798

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

STATE OF MONTANA, on relation of
CHARLES R. SWART,

                    Relator and Appellant,

    -vs-

CARL STUCKY, County Clerk and Recorder
of the County of Gallatin, State of Montana,

                    Respondent and Respondent.

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Chadwick H. Smith argued, Helena, Montana

    For Respondent:

        Thomas A. Olson, County Attorney, Bozeman, Montana
        Donald C. White, Deputy County Attorney, argued,
        Bozeman, Montana

                            Submitted:  April 25, 1975

                            Decided: JUN 11 1975

Filed: JUN 11 1975

_Thomas J. Kearney_
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the denial of a writ of mandamus seeking to compel the clerk and recorder of Gallatin County to file an instrument submitted by appellant Charles R. Swart pursuant to section 11-3872, R.C.M. 1947.

The parties are Charles R. Swart, a registered land surveyor (hereinafter referred to as appellant), and Carl Stucky, clerk and recorder of Gallatin County (hereinafter referred to as respondent).

The facts can be summarized in this manner: Appellant was hired by one Priscilla Schutz to complete a survey of a tract of land located in Gallatin County in order to complete a sale of the property. On December 13, 1973, appellant submitted the survey to the respondent for filing pursuant to section 11-3872, the pertinent portion of which states:

> "(1) Within one hundred eighty (180) days of the completion of a survey the registered land surveyor responsible for the survey, whether he is privately or publicly employed, shall prepare and file for record a certificate of survey in the county in which the survey was made if the survey:
>
> "(a) provides material evidence not appearing on any map filed with the county clerk and recorder or contained in the records of the United States bureau of land management * * *."

Respondent clerk and recorder refused to accept the survey as submitted. He contended it must first be submitted to the city county planning board for inspection and approval and be accompanied by a $20 reviewing fee. On December 26, appellant resubmitted the survey for filing with the respondent without having it approved by the city county planning board and was again refused.

Thereafter, appellant commenced this action in the district court seeking a writ of mandamus to compel respondent to file the survey. A hearing was held and on April 15, 1974, the district court entered its findings of fact and conclusions of law. A judgment in favor of respondent was entered on May 3, 1974.

These are the issues as presented on appeal by both parties:

1. Does respondent have a clear legal duty to accept for filing an instrument which represents a certificate of survey on its face without subjecting it to review and approval by the city county planning board or other county officers?

2. Is the $20 reviewing fee proper?

3. Is this appeal moot?

The first issue requires the review of pertinent provisions of the Montana Subdivision and Platting Act, section 11-3859, R.C. M. 1947, et seq. This Act was passed as an adjunct to the police power of the legislature to promote the promote the public health, safety, and general welfare through regulation of the subdivision of land in Montana, and to provide a method of transferring interests in real property by reference to a "plat" or a "certificate of survey". Section 11-3860. The county clerk and recorder is prohibited from recording any instrument which purports to transfer title or possession of a parcel of land which is required to be surveyed unless the required "certificate of survey" or subdivision "plat" has been filed and the instrument of transfer describes the tract by reference to the filed "certificate of survey" or "plat". Section 11-3862(3).

The terms "certificate of survey", "plat", and "subdivision" have important technical meanings that are established by the definition section of the Act. Prior to its amendment in 1974, section 11-3861, R.C.M.1947, stated:

> "As used in this act, unless the context or subject matter clearly requires otherwise, the following words or phrases shall have the following meanings:
>
> "(1) 'Certificate of survey' means a drawing of a field survey prepared by a registered surveyor for the purpose of disclosing facts pertaining to boundary locations.
>
> "* * * *

- 3 -

"(7) 'Preliminary plat' means a neat and scaled drawing of a proposed subdivision showing the layout of streets, alleys, lots, blocks, and other elements of a subdivision which furnish a basis for review by a governing body; and the same shall be accompanied by any proposed covenants to run with the platted land and other elements of the proposed subdivision required to furnish a basis of review by the governing body.

"(8) 'Final plat' means the final drawing of the subdivision and dedication prepared for filing for record with the county clerk and recorder and containing all elements and requirements set forth in this act and in regulations adopted pursuant thereto.

" * * *

"(12) 'Subdivision' means the division of land, or land so divided, into two (2) or more parcels, whether contiguous or not, any of which is ten (10) acres or less, exclusive of public roadways, in size, without regard to the method of description thereof, in order that the title or possession of the parcels or any interest therein may be sold, rented, leased, or otherwise conveyed either immediately or in the future, and shall include any resubdivision of land; and shall further include any condominium or areas providing multiple space for camping trailers, house trailers or mobile homes * * *".

The classification of the instrument as a subdivision "plat" or as a "certificate of survey" is important since the Act requires different treatment, depending upon the classification. If the instrument is classified as a "plat", it must be submitted to the city or town governing body for review and approval prior to filing. The governing body can approve or reject the plat within 60 days after it has been submitted and after a public hearing has been held. Section 11-3866, R.C.M. 1947.

If the instrument is classified as a "certificate of survey" it need not be subjected to the procedure summarized above. However, it must be filed pursuant to section 11-3872, R.C.M. 1947. This is the statute under which appellant attempted to file his survey.

The instrument around which this lawsuit revolves is entitled:

"A CERTIFICATE OF SURVEY OF A 44.293 ACRE PARCEL LOCATED

IN THE EAST HALF OF

SECTION 13, T2S, R4E, PMM,

GALLATIN COUNTY, MONTANA"

- 4 -

It plainly shows that the single parcel surveyed has an area composed of 44.293 acres. In the righthand corner of the instrument appellant certified that he made the survey and it is correctly described by the document. In addition, appellant certified that the survey was made in compliance with applicable state statutes.

There is no doubt that appellant's document is a "certificate of survey" and not a subdivision "plat" as defined by the Act. Its purpose is to establish boundaries and the property description for a deed on an entire single parcel which contains an area greater than the 10 acre requirement established by section 11-3861(12), prior to its amendment to 20 acres in 1974. Furthermore, the proffered document contains no "graphical representation of a subdivision showing the division of land into lots, parcels, streets, and alleys, and other divisions and dedications" within the meaning of section 11-3861(6), which sets forth the definition of a "plat".

Accordingly, we hold that respondent had a clear legal duty to accept appellant's document for filing since it contained no evidence whatsoever that would bring it within the definition of a subdivision, and therefore required no review by the city county planning board prior to filing. The judgment of the district court is reversed to allow appellant a writ of mandamus to compel respondent to perform his clear legal duty in filing appellant's "certificate of survey".

In his second issue appellant argues that it is improper for the clerk and recorder to assess a $20 reviewing fee. We agree.

The Montana Subdivision and Platting Act contains no authority for the assessment of a reviewing fee, prior to the filing of a "certificate of survey". The sole statute dealing with fees is section 11-3868, which provides:

> "The governing body may establish reasonable fees to be paid by the <u>subdivider</u> to defray the expense <u>of reviewing subdivision plats</u>." (Emphasis supplied).

Section 11-3868 is clearly not applicable where a "certificate of survey" is submitted for filing. Under statutory authority, respondent is required to charge a specific filing fee for filing instruments. Section 25-231, R.C.M. 1947. However, there is no provision that would justify the assessment of a "reviewing fee" prior to the filing of a "certificate of survey". Neither the county clerk and recorder nor any other governmental authority may charge an additional fee not prescribed by statute, or otherwise authorized. 76 C.J.S. Records §20, provides:

> "The amount of the fee for recording is generally fixed by statute, and only such fees as are authorized may be charged.
>
> "The fee fixed by statute for filing a paper covers every act necessary to be done in order to complete a legal filing thereof, and no fee may be charged for doing any thing in connection with the paper not necessary to a valid filing. * * *".

The third issue on appeal is---Is this appeal moot? Respondent argues this appeal is moot because:

1. Section 11-3867, R.C.M. 1947, was amended in 1974 to provide for the prerecording review of "certificates of survey".

2. Since this action was initiated a surveyor has been hired to replace appellant and he has allegedly filed a "certificate of survey" on the same property.

To fully understand respondent's first contention, we turn to section 11-3867, R.C.M. 1947, prior to its 1974 amendment:

> "(1) All final subdivision plats shall be reviewed for errors and omissions in calculation or drafting by an examining land surveyor * * *. When the survey data shown on the plat meet the conditions set forth by or pursuant to this act, the examining surveyor shall so certify in a printed or stamped certificate on the plat; such certificate shall be signed by him." (Emphasis supplied).

In 1974, after this action was initiated, section 11-3867 was amended to provide:

> "(1) The governing body may require that final subdivision plats and certificates of survey be reviewed for errors and omissions in calculation or drafting by

an examining land surveyor before recording with the county clerk and recorder. When the survey data shown on the plat or certificate of survey meet the conditions set forth by or pursuant to this act, the examining land surveyor shall so certify in a printed or stamped certificate on the plat or <u>certificate of survey</u>; such certificate shall be signed by him. * * *." (Emphasis supplied).

We agree with respondent that section 11-3867 as amended, provides for the prerecording review of certificates of survey. However, we apply the law as it existed when this action was brought. Consequently, we cannot consider the effect of the amended statute. This appeal is not moot because of the 1974 amendment to section 11-3867. Peterson v. Livestock Commission, 120 Mont. 140, 181 P.2d 152.

Respondent also argues this appeal is moot because a "certificate of survey" has allegedly been filed by one Lewis Tout, a surveyor hired to replace appellant after he was prevented from filing his "certificate of survey". Again, we disagree that this alleged fact renders this matter moot.

Section 11-3872(1)(a), provides that a registered surveyor is compelled to prepare and file a certificate of survey if the survey

"(a) provides material evidence not appearing on any map filed with the county clerk and recorder or contained in the records of the United States bureau of land management."

Appellant argues the certificate of survey filed by Tout is not identical to the survey he attempted to file and that his survey "discloses evidence material not appearing on any map filed with the clounty clerk and recorder." Assuming that Tout did file a certificate of survey, a fact which does not appear in the record before us, it is respondent's duty to demonstrate the two surveys are in fact identical, and that it is not necessary for appellant to file his survey in order to make this matter moot. This respondent has not done. Therefore, respondent's second argument in regard to mootness must fail.

The judgment of the district court is reversed with directions to grant the writ of mandamus and award attorney fees to appellant in the amount of $1,000.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 8 -