IN THE SUPREME COURT OF THE STATE OF MONTANA

No.  14481

THE STATE OF MONTANA, Upon the relation
of PROFESSIONAL CONSULTANTS, INCORPORATED,

Petitioner and Appellant,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF RAVALLI et al.,

Respondents and Respondents.

O R D E R

PER CURIAM:

In the above named cause on page 8, on line 8 at the
end of the first paragraph, the following sentence is added:

"Petitioner qualifies under both tests."

DATED this 29th day of March, 1979.

_____
Chief Justice

_____

_____

_____
Justices

No. 14481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

THE STATE OF MONTANA, Upon the relation
of PROFESSIONAL CONSULTANTS, INCORPORATED,

Petitioner and Appellant,

-vs-

THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF RAVALLI et al.,

Respondents and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellant:

James L. Tillotson, Missoula, Montana

For Respondents:

Douglas G. Harkin, Hamilton, Montana

---

Submitted on briefs: December 21, 1978

Decided: MAR 2 1979

Filed:

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Professional Consultants, Inc., petitioned the District Court, Fourth Judicial District, Ravalli County, for a writ of mandate to compel the county commissioners of Ravalli County to act concerning five minor subdivisions. From the denial of its petition, Professional Consultants, Inc., appeals.

The sole issue before this Court is whether the District Court erred in finding that petitioner had no standing to maintain this action because it lacked sufficient interest to initiate and maintain the litigation.

Petitioner, Professional Consultants, Inc., is an engineering survey group which was hired to plat subdivisions in Ravalli County. On February 21, 1978, petitioner submitted five minor subdivisions to the Ravalli County planning board for review and approval by the county commissioners as required under section 11-3866(6), R.C.M. 1947, now section 76-3-609 MCA. The planning board approved the plats and submitted their recommendations to the county commissioners. Respondent commissioners had neither approved, disapproved, or conditionally approved any of the minor subdivisions by May 17, 1978. As a result, this action was brought alleging that the commissioners are in violation of their clear legal duty under the above statute.

It should be noted that the subdivision questionnaire submitted by each of the five minor subdivisions did not contain the signature of petitioner. Rather, they contained the signatures of the owners of the lands in question. Petitioner had no legal interest in any of the minor subdivisions; was not the legal title owner of any of the five

-2-

minor subdivisions; and was not the purchaser of any of the property involved. Petitioner set forth no legal or equitable interest in any of the land contained in the five minor subdivisions. The petition did not allege that petitioner had been authorized by any of the owners of the property to commence any legal action regarding the property. It appears that the only interest of petitioner is that its employees conducted survey work and engineering work on the property.

Section 93-9103, R.C.M. 1947, now sections 27-26-102(2) and 27-26-201 MCA, has long been a part of our statutes. It provides:

> "Writ--when and upon what to issue. The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued upon affidavit, on the application of the party beneficially interested."

We first note that under Rule 52, M.R.Civ.P., that ". . . Findings of fact shall not be set aside unless clearly erroneous . . ." This standard for review has been often repeated by this Court and is applicable in this case. See Lovely v. Burroughs Corp. (1974), 165 Mont. 209, 527 P.2d 557; In re Mickich's Estate (1943), 114 Mont. 258, 136 P.2d 223. While an action involving a writ of mandate is one in equity, numerous cases have held that the findings of the District Court should not be reversed in an equity action unless the evidence clearly preponderates against them. See Kosel v. Stone (1965), 146 Mont. 218, 404 P.2d 894; Larsen Farms v. City of Plentywood (1965), 145 Mont. 509, 402 P.2d 410.

In a mandamus action the petitioner faces a heavy burden of proving that it is entitled to a writ of mandamus.

See State v. Fire Department Relief Ass'n (1943), 114 Mont. 430, 136 P.2d 989, and State ex rel. Sletten Const. Co. v. City of Great Falls (1973), 163 Mont. 307, 516 P.2d 1149.

Courts have employed the "standing" doctrine to refuse to determine the merits of legal action, on the ground that even though the claim may be correct, the litigant advancing it is not proper. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction §3531. See also Data Processing Service v. Camp (1970), 397 U.S. 150, 90 S.Ct. 827, 25 L Ed 2d 184.

Petitioner has stated no legal interest in any of the minor subdivisions subject of this action. It is not the owner or purchaser of any of the property involved in this cause, and admits that it lacks any legal or equitable interest in the land. Some form of ownership in the land is necessary to embark standing to bring a mandamus action. See People v. Vaglica (1968), 99 Ill.App.2d 213, 240 N.E.2d 271; Sun Oil Co. v. Macauley (1946), 72 R.I. 206, 49 A.2d 917; and Boron Oil Company v. City of Southfield (1969), 18 Mich.App. 135, 170 N.W.2d 517.

The decision of the District Court denying standing to the petitioner is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-4-

Mr. Chief Justice Haswell dissenting:

I would reverse and remand this case to the District Court for determination of the merits of the action.

The majority deny "standing" to petitioner to prosecute a writ of mandamus because petitioner has no ownership interest in the land, relying on Vaglica, Sun Oil and Boron Oil cited in the majority opinion. In my opinion, none of these cases is authority for this holding. Vaglica, a criminal case not involving mandamus, held that defendant had standing to seek suppression of evidence seized in alleged violation of the rights of the owner of the premises where the evidence was seized. Sun Oil involved no issue of "standing" but was decided on the basis of insufficiency of the pleadings. Boron Oil was decided on the basis of whether petitioner for a writ of mandate was "the real party in interest." "The concepts of 'standing to sue' and 'real party in interest' are very different." Stewart v. Bd. of Cty. Comm'rs of Big Horn Cty. (1977), ____Mont.____, 573 P.2d 184, 188, 34 St.Rep. 1594, 1599; 6 Wright & Miller, Federal Practice and Procedure: Civil §1542.

Here I would grant standing to petitioner to prosecute a writ of mandamus. Petitioner is a professional engineering survey corporation hired by the landowners to survey, plot and qualify five minor subdivisions in Ravalli County. The corporation claims it cannot complete its contract because of the alleged failure of the county commissioners to act when they have a clear legal duty to do so. In my view, petitioner's contract rights are sufficient to invest it with standing to prosecute this action. We have twice previously permitted a surveyor to prosecute a writ of mandamus in similar situations. State ex rel. Swart v. Stucky (1975), 167 Mont. 171, 536 P.2d 762; State ex rel. Swart v. Casne (1977), ____Mont.____, 564 P.2d 983, 34 St.Rep. 394.

As I see it, the essence of "standing" is twofold: (1) to

- 5 -

insure that petitioner has such a personal stake in the outcome of the controversy that concrete adverseness and full development of the issues in controversy is assured (cf. Flast v. Cohen (1968), 392 U.S. 83, 88 S.Ct. 1942, 20 L Ed 2d 947) and (2) to conserve the time and judicial resources of the courts by eliminating adjudication of matters purely of academic interest (cf. Association of Data Processing Service Org., Inc. v. Camp (1970), 397 U.S. 150, 90 S.Ct. 827, 25 L Ed 2d 184).

The majority would limit "standing" in a mandamus action to those who possess "some form of ownership in the land." This is indeed a novel position that would exclude lessees, lienholders, mortgagees and others who have legitimate contract and statutory interests to protect short of ownership.

For these reasons, I respectfully dissent.

_____
Chief Justice


Mr. Justice Gene B. Daly concurs with the dissent.

_____
Justice