No. 80-200

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA, ex rel.,
CHARLES R. SWART,

Petitioner and Appellant,

vs.

LORRAINE P. MOLITOR, Clerk and
Recorder, Madison County,
DAVID BOWMAN, Examining Land Surveyor,
Madison County,

Respondents.

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Madison.
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Goetz and Madden, Bozeman, Montana
James H. Goetz argued, Bozeman, Montana

For Responents:

Chester Lloyd Jones argued, County Attorney, Virginia
City, Montana

Submitted: November 20, 1980

Decided: January 14, 1981

Filed: JAN 14 1981

Thomas J. Keasney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Charles R. Swart, a registered land surveyor, appeals from a ruling by the District Court, Fifth Judicial District, Madison County, refusing mandamus against Lorraine P. Molitor, county clerk and recorder, and David Bowman, county examining land surveyor, and requiring them to approve and record a certificate of survey prepared by Swart. We affirm the District Court.

Swart had prepared a certificate of survey of a parcel of land containing 102.409 acres in Madison County and tendered it to Lorraine P. Molitor, county clerk and recorder, on December 7, 1979. Lorraine P. Molitor refused to file the certificate of survey because the county examining land surveyor, David Bowman, had not certified that the certificate of survey was free from errors and omissions in calculation and drafting.

Before he tendered the certificate of survey to the county clerk and recorder, Swart had taken the survey to David Bowman for his inspection. At that time, Swart informed Bowman that he would not pay a separate fee to Bowman for examining the certificate of survey. Because Swart refused to pay the separate fee, Bowman refused to examine the certificate of survey and refused to certify it as free from errors and omissions. Since the certificate had not been approved by Bowman, the county clerk and recorder refused to accept the certificate of survey for recording in her office.

Swart sought a writ of mandate in the District Court, either directing Bowman to examine the certificate of survey, or directing Lorraine P. Molitor to record the document. After a show cause hearing, the court refused to issue a writ of mandamus. This appeal followed.

-2-

As permitted by 1972 Mont. Const., Art. XI, § 5,
Madison County has adopted a self-government charter. As
such, it has these powers under 1972 Mont. Const., Art. XI,
§ 6:

> "Self-government powers. A local government
> unit adopting a self-government charter may
> exercise any power not prohibited by this
> constitution, law, or charter . . ."

Prior to the 1972 Montana Constitution, and during the
period that the 1889 Montana Constitution controlled, counties
in this state could exercise only such powers as were expressly
granted to them by the state, together with such implied
powers as were necessary for the execution of the powers
expressly granted. Franzke v. Fergus County (1926), 76
Mont. 150, 245 P. 962; Hersey v. Nelson (1913), 47 Mont. 132,
131 P. 30. Under the 1889 Montana Constitution, legislative
control over counties was supreme. Hersey, supra.

The 1972 Montana Constitution, in addition to providing
for the continuance of the county, municipal, and town
governmental forms already existing, opened to local govern-
mental units new vistas of shared sovereignty with the state
through the adoption of self-government charters. Whereas
the 1972 Montana Constitution continues to provide that existing
local governmental forms have such powers as are expressly
provided or implied by law (to be liberally construed), 1972
Mont. Const., Art. XI, § 4, a local government unit may act
under a self-government charter with its powers uninhibited
except by express prohibitions of the constitution, law,
or charter, 1972 Mont. Const., Art. XI, § 6.

The broad expanse of shared sovereignty given to self-
governing local units is illustrated by section 7-1-103,
MCA, which provides:

"A local government unit with self-government powers which elects to provide a service or perform a function that may also be provided or performed by a general power government unit is not subject to any limitation in the provision of that service or performance of that function except such limitations as are contained in its charter or in state law specifically applicable to self-government units."

And again in section 7-1-106, MCA:

"The powers and authority of a local government unit with self-government powers shall be liberally construed. Every reasonable doubt as to the existence of a local governmental power or authority shall be resolved in favor of the existence of that power or authority."

Acting under its charter, the Madison County Commission, on September 27, 1977, adopted the following ordinance:

"1. That pursuant to Section 11-3867, R.C.M. 1947 [now section 76-3-301, MCA], the Chief Executive of Madison County shall, with the approval of the Commission appoint an examining land surveyor. All final subdivision plats and certificates of survey shall be reviewed for errors or omissions in calculation or drafting by the examining land surveyor before recording with the County Recorder. When the survey data shown on the plat or certificate of survey meet the conditions set forth by or pursuant to this ordinance, the examining land surveyor shall so certify in a printed or stamped certificate on the plat or certificate of survey; such certificate shall be signed by him.

"No land surveyor shall act as an examining land surveyor in regard to a plat or certificate of survey in which he has a financial or personal interest. In such case, the Chief Executive shall delegate the duties of the examining land surveyor under this ordinance to a registered land surveyor of his choice. In such case, the delegatee shall serve as examining land surveyor for all purposes with regard to that review.

"2. Upon completion of review by the examining land surveyor, but before recording with the County Recorder the subdivider shall pay to the examining land surveyor all reasonable and necessary costs and expenses necessary to defray the expense of reviewing final subdivision plats and certificates of survey."

It is the position of Swart, and the principal issue in this case, that the provision foregoing for the payment of expenses to the examining land surveyor is illegal and in

-4-

excess of the authority of Madison County. Swart also contends that the failure of the examining land surveyor to deposit such fees in the Madison County treasury is in violation of the county's charter.

There is no dispute between the parties that Madison County may require that final subdivision plats and certificates of survey be reviewed for errors and omissions by an examining land surveyor. That is permitted by section 76-3-611(2)(a), MCA. Swart's contention is that the requirement of a fee to be paid to the examining land surveyor is in excess of the authority granted to Madison County, even considering its self-government charter provisions.

Swart's contention is principally based upon section 7-1-114, MCA, which provides that a local government with self-government powers is subject, among others, to "all laws which require or regulate planning or zoning;" and that the examining land surveyor's fee in this case is not one of those enumerated as proper to be charged by a county clerk in section 7-4-2631, MCA. His further contention is that the examination of a plat or certificate of survey for filing is a part of "planning and zoning" and as such is controlled by state law; in effect, that the concept of shared sovereignty for self-governing local governmental units does not extend to fees to be charged by Madison County for the services of the examining land surveyor. The fee in this case was a charge of $20.

Swart also contends that this case is controlled by our prior holding in State ex rel. Swart v. Stucky (1975), 167 Mont. 171, 536 P.2d 762. In that case, we approved the issuance of a writ of mandate against a county clerk and recorder who had refused to record a certificate of survey

from Swart because the survey had not first been submitted to the city county planning board for review, accompanied by a $20 reviewing fee. However, the issues presented in Stucky were not the same as we face here. In Stucky, the pertinent statute did not provide for a review of certificates of survey, as distinguished from subdivision plats. We therefore held that a review of a certificate of survey was not necessary for its recording and that a charge for such review was improper. In this case, section 76-3-611(2)(a), MCA, provides that the governing body may require that certificates of survey be reviewed before recording. We have the additional problem of the effect of the extension of shared powers to self-governing local units.

In capsule, we have a statute that permits local governing bodies, whether operating under general powers or self-governing powers, to require review of subdivision plats and certificates of survey before recording. We have a self-governing unit that has required review of subdivision plats and certificates of survey before recording, and has provided that a fee be paid for such review. Further, we have a state statute which makes it mandatory that self-governing units be subject to all laws which require or regulate planning or zoning.

The question becomes, does the fact that a self-governing unit is mandatorily subject to laws which regulate planning and zoning preclude the unit from prescribing a fee for reviewing certificates of survey where the state statutes are silent on that subject.

We are told by section 7-1-113, MCA, that a local government with self-government powers is prohibited from exercising any power inconsistent with state law. We are

-6-

further told, in the same statute, that the exercise of a power is inconsistent with state law "if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation."

The state standard that permits the review of certificates of survey, from a statutory viewpoint, is found in sections 76-3-611(2)(a), MCA, which states that such certificates may "be reviewed for errors and omissions in calculation or drafting by an examining land surveyor before recording." Madison County's ordinance does not prescribe a lower standard than that required by the state statute, nor is it less stringent. Therefore, under the statutory definition of inconsistency found in section 7-1-113(2), MCA, Madison County's ordinance is not the exercise of a power inconsistent with state law. If it is not inconsistent, it is not the exercise of a prohibited power by a self-governing unit under section 7-1-111, MCA.

This is the first case we have had in which we examine the powers of a self-governing local unit vis-a-vis mandated state laws. In the construction of self-government powers, we are commanded to resolve all reasonable doubts in favor of the existence of such powers. Section 7-1-106, MCA. Had Madison County been acting as a general power jurisdiction, we should perforce be required to hold that Madison County had only such powers as were expressly or impliedly delegated to it. Section 7-1-2101(2), MCA. As a self-governing unit, Madison County has shared powers of legislative, executive and administrative authority. A self-governing unit which elects to provide a service or perform a function that may also be provided or performed by a general power government unit is not subject to any limitation in the provision of such service or performance of that function,

except such limitations found in its charter or in state law specifically applicable to self-government units. Section 7-1-103, MCA, supra. Madison County is not limited in this respect by its charter, and there is no state statute specifically forbidding self-government units from assessing a fee for the review of certificates of survey. Madison County's prescribed fee is therefore valid. This means that Madison County in prescribing such a fee is merely exercising a legislative power that as a self-governing unit, it shares with the state. It means that or it means nothing.

The parties spent considerable time in their briefs and in oral argument discussing whether the review of certificates of survey was a planning or zoning function. In view of our holding that Madison County is exercising a shared legislative power with the state in prescribing a review fee, and that such exercise of power is not prohibited, it makes no difference to this decision whether the review of subdivision plats or certificates of survey is a function of planning or zoning.

Swart also contends that denying Madison County the power to prescribe a fee for reviewing certificates of survey would make for uniformity among the several counties with respect to this subject. We find in the statutes, however, that governing bodies may establish fees to be paid by subdividers for reviewing subdivision plats (certificates of survey are not mentioned). Sections 76-3-602 and 76-4-105(1), MCA. We find it more compatible with uniformity among the several counties to determine that a fee charge for such reviews, whether of subdivision plats or certificates of survey, and whether levied by general power governments or self-governing units, be recognized as valid.

We do not see how the charging of such a fee would offend the monumentation requirements of sections 76-3-401,

et seq., MCA., as Swart contends.

Swart also contends that he has been prevented, through Madison County's requirement of review and the payment of a review fee from "recording" his certificate of survey within 180 days as required by section 76-3-404, MCA. However, Swart has complied with that provision, inasmuch as the statute merely requires that a registered land surveyor "shall prepare and submit for filing a certificate of survey." Swart has done this.

Swart also attacks the validity of the Madison County ordinance on the ground that the fee is to be paid personally to the examining land surveyor, and is not required to be deposited with the county treasurer of Madison County. While a deposit with the county treasurer may be preferable, we find no clear statutory duty concerning it. As we have said, sections 76-3-602 and 76-4-105(1), MCA, provide that the governing body may establish a fee for the review of subdivision plats, yet such fees are not among those enumerated to be collected by a county clerk in sections 7-4-2631, et seq., MCA.

Swart also contends that under the self-governing charter of Madison County, all monies collected by any county officer, or any county department, must be paid into the county treasury. This may be true, but obedience to this provision of the charter has no effect one way or the other upon Swart's right to a writ of mandamus against the county clerk and recorder, nor would disobedience of this provision by Bowman require us to order by mandate that Bowman approve the certificate of survey without payment of the fee. The disposition of the fee monies, when collected, is not material to the issues presented by Swart's request for a writ of

-9-

mandate. Hill v. Rae (1916), 52 Mont. 378, 391, 158 P. 826, 831. Swart is not here because Bowman refused to deposit the $20 in the county treasury. Swart is here because he has refused to pay the $20 in the first place. Moreover, this contention was not raised in the District Court.

Since we find the Madison County ordinance valid, we find no clear legal duty on the part of the county clerk and recorder to accept the Swart certificate of survey for recording before it had been reviewed by the examining land surveyor, and his fee paid. Mandamus lies only to compel a clear legal duty on the part of an officer, State v. District Court (1914), 49 Mont. 595, 596, 144 P. 159, 160. Unless the performance is one which the law specifically enjoins upon the officer as a duty of the office, the writ does not lie. State ex rel. Lucier v. Murphy (1970), 156 Mont. 186, 478 P.2d 273; State v. Board of Com'rs. (1919), 56 Mont. 355, 358, 185 P. 147, 148.

We find no issue before us as to attorney fees. The judgment does not provide for attorney fees for the respondents, and Swart is not entitled to attorney fees under this decision.

Affirmed.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Gene B. Daly_
Justices

This cause was submitted prior to January 5, 1981.

Mr. Justice Daniel J. Shea will file his written dissent at a later date.

-10-