No. 86-266

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

R. I. DIEFENDERFER, JR.,

Plaintiff and Appellant,

-vs-

CITY OF BILLINGS, a municipal
corporation,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles F. Moses; Moses Law Firm, Billings, Montana
Richard J. Carstensen, Billings, Montana

For Respondent:

Kenneth D. Peterson; Peterson Schofield & Leckie,
Billings, Montana

Submitted on Briefs: Sept. 11, 1986

Decided: October 24, 1986

Filed: OCT 24 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff R.I. Diefenderfer, Jr., appeals the March 7, 1986, order of the Thirteenth Judicial District Court awarding summary judgment in favor of defendant City of Billings. We affirm.

On January 21, 1980, the Billings City Council enacted Ordinance No. 4266, in order to reduce the burden on the special improvement district revolving fund. The ordinance required the developer to pay a 5% surcharge prior to creation of a special improvement district (SID), computed to be 5% of the total cost of the improvements.

On May 12, 1980, the Billings City Council adopted a resolution of intent to create SID No. 1116 to improve land in King Park Subdivision owned by Diefenderfer and to be developed by Gary Bennett. Bennett failed to pay the surcharge amount by the bid opening date as required, and the City halted proceedings to create SID No. 1116. At a later date, undisclosed in the record, the City authorized creation of SID No. 1116.

Diefenderfer filed a complaint July 7, 1983, alleging the City's refusal to timely create SID No. 1116 was contrary to law. In its answer, the City responded that the city council had acted within its authority and that plaintiff had failed to perform all conditions precedent to the formation of SID No. 1116.

Following summary judgment motions by both parties, the District Court entered its order dated March 7, 1986, ruling in favor of the City. Diefenderfer appeals and raises the following issue: Whether Billings City Ordinance No. 4266

imposing a 5% surcharge on developers of raw land prior to creation of a special improvement district is valid?

The City of Billings is a municipality which has adopted a charter form of government with self-governing powers. Article XI, Section 6, of the 1972 Constitution provides in part, "A local government unit adopting a self-government charter may exercise any power not prohibited by this constitution, law, or charter."

The Montana Code further defines the powers a self-governing unit may properly exercise. At the time of enactment of the City's Ordinance No. 4266, there was no statutory provision authorizing or prohibiting imposition of a surcharge upon a developer prior to creation of a SID.

Diefenderfer contends that §§ 7-1-114 and 7-12-4102, MCA, prohibit such a surcharge. Section 7-1-114 provides in part:

> (1) A local government with self-government powers is subject to the following provisions:
>
> . . . (f) Any law directing or requiring a local government or any officer or employee of a local government to carry out any function or provide any service.

Section 7-12-4102 provides:

> (1) The city or town council has power to create special improvement districts, designating the same by number; to extend the time for payment of assessments levied upon such districts for the improvements thereon for a period not exceeding 20 years; to make such assessments payable in installments; and to pay all expenses of whatever character incurred in making such improvements with special warrants or bonds . . . (Emphasis supplied.)

Diefenderfer asserts that the scheme established by the legislature for creating special improvement districts is

exclusive and the expenses of a SID may only be paid for with special improvement bonds or warrants.

The City contends that, since the statutes do not specifically address imposition of a surcharge upon a developer, the ordinance is valid under its self-governing power. Section 7-1-106, MCA, provides that "Every reasonable doubt as to the existence of a local government power or authority shall be resolved in favor of the existence of that power or authority."

Montana has legislated extensively in the area of special improvement districts. However, at the time of enactment of Ordinance No. 4266 there was no statutory provision addressing such a surcharge. Both parties contend that § 7-1-113, MCA, favors their position:

> (1) A local government with self-government powers is prohibited the exercise of any power in a manner inconsistent with state law or administrative regulation in any area affirmatively subjected by law to state regulation or control.
> (2) The exercise of a power is inconsistent with state law or regulation if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation.
> (3) An area is affirmatively subjected to state control if a state agency or officer is directed to establish administrative rules governing the matter or if enforcement of standards or requirements established by statute is vested in a state officer or agency.

Clearly, the ordinance does not establish standards or requirements which are less stringent than those imposed by state law. The 5% surcharge is a more stringent requirement. Nor do we find the area to be affirmatively subjected to state control. There is no state agency authorized to establish administrative rules or enforce the standards prescribed by statute.

4

In State ex rel. Swart v. Moliter (Mont. 1981), 38 St.Rep. 71, 621 P.2d 1100, the plaintiff challenged Madison County's requirement of a fee for reviewing a certificate of survey prior to recording. While review was provided for by statute the fee was not. This Court held that imposition of a fee by the county, a self-governing unit, did not prescribe a lower standard than required by state law. Therefore, it was a permissible exercise of the county's power not inconsistent with state law. 621 P.2d 1104, 38 St.Rep. 75.

Moliter is analogous to the present case. At the time of the City's enactment of Ordinance No. 4266, state law did not address imposition of a 5% surcharge. We note that the legislature amended §§ 7-12-4169 and -4222 in 1981 to specifically authorize such a surcharge. The powers of local self-governing units are to be liberally construed pursuant to § 7-1-106, MCA. Therefore we hold the City's enactment of Ordinance No. 4266 was a valid exercise of its self-governing power.

The District Court is affirmed.

Justice

We concur:

Chief Justice

Justices

5