No. 21189.

J. A. Tobin Construction Co. v. Hugh H. C. Weed, Jr., as Director of Revenue of the State of Colorado, et al.

(407 P.2d 350)

Decided November 8, 1965.

DREXLER and WALD, PROFESSIONAL Co., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, RICHARD L. EASON, Assistant, JOHN H. HECKERS, Special Assistant, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

In this action the J. A. To'bin Construction Co., a Missouri corporation hereinafter referred to as Tobin, seeks review of a judgment entered by the district court which sustained the action of the director of revenue in issuing a Use Tax Deficiency Assessment and demand for payment of use tax in the amount of $4,161.23 plus penalty and interest.

C.R.S. 1953, 138-6-26(2) provides, *inter alia,* that:

"The district court of the county wherein the taxpayer resides or has his principal place of business shall have original jurisdiction in proceedings to review all questions of law and fact determined by the director of revenue in administering the provisions of sections 138-6-1 to 138-6-32 by writ of certiorari to the director of revenue. * * *"

In his complaint Tobin, seeking relief by certiorari, points up the pertinent issues by the following allegations:

"11. That the entire assessment, penalty and interest, should be eliminated for the reason that the transaction involved is not subject to the Colorado Use Tax but is covered by the Colorado Sales Tax statute and that such sales tax, if any is due, should be collected from the seller, Hinman Bros. Construction Co.

"12. In support of the foregoing the following Colorado statutes are applicable. Colorado Revised Statutes 1953, Section 138-6-34 (1) provides that the Colorado Use Tax shall not apply: 'To the storage, use or consumption of any tangible personal property the sale of which is subject to the Retail Sales Tax imposed by said Emergency Retail Sales Tax Law of 1935 and any amendments thereto.' Colorado Revised Statutes 1953, Section 138-6-4 (1) imposes a sales tax on sales 'at retail.' Section 138-6-2 (7) defines 'retail sales' as all sales except wholesale sales. Section 138-6-2 (5) defines wholesale sale to mean 'a sale by wholesalers to retail merchants, jobbers, dealers or other wholesalers for resale and does not include a sale by wholesalers

to users or consumers, not for resale; and the latter sales shall be deemed retail sales, and subject to the provisions of this article.' "

Tobin at all times pertinent to this action was a construction contractor. It purchased for use in its operation, and not for resale, automotive equipment and parts for which it paid the sum of $218,061.70. The seller of this equipment was the Hinman Bros. Construction Co., a Colorado corporation. Neither Hinman Bros. nor Tobin was in business of selling equipment at either wholesale or retail. Their business activities were similar and consisted of construction work and the negotiation of contracts in connection therewith. The transaction here involved was an isolated one in which Tobin purchased equipment owned by Hinman Bros. for which the seller Hinman had no immediate need.

After the hearing before him the director of revenue entered the "Final Determination" the pertinent language of which is as follows:

"Following the sale as outlined, Tobin filed the necessary forms and paid tax to the county clerks of Adams and Grand Counties, Colorado, on automotive equipment purchased from Hinman having a value of $10,000. No tax has been paid by either Hinman or Tobin on the remainder of the purchases totaling $208,061.70. * * *

\* \* \*

"Taxpayer contends that the transaction upon which the assessment was made is subject to the sales tax, and as a consequence is not subject to the assessment for use tax, although no sales tax had been paid on the property purchased. Taxpayer relied upon the provisions of 138-6-34 (1) CRS 1953, which provides that the use tax shall not apply:

" 'To the storage, use or consumption of any tangible personal property the sale of which is subject to the retail sales tax imposed by said emergency retail sales tax law of 1935 and any amendments thereto.'

Taxpayer further contends that Hinman may be liable

for sales tax on the transaction but that Tobin, the ultimate consumer at retail, is not liable for use tax, notwithstanding the fact that no sales tax was paid by Tobin to Hinman on the amount involved in the purchase.

"The issue presented for determination is whether or not a purchaser of tangible personal property purchased at retail in an isolated transaction upon which no sales tax has been paid, can be held liable for the payment of use tax."

As hereinabove indicated, the thrust of the argument for reversal of the judgment is that the sales transaction involved in this case was subject to the sales tax imposed by C.R.S. '53, 138-6-4 (1), "On the purchase price paid or charged upon all sales and purchases of tangible personal property at retail." As a consequence of this fact it is urged that the transaction is not subject to imposition of a "use tax" for the reason that it is "exempted" under C.R.S. '53, 138-6-34 (1) which provides that the "use tax" shall not apply,

"To the storage, use or consumption of any tangible personal property the sale of which is subject to the retail sales tax imposed by said emergency retail sales tax law of 1935 * * *."

We direct attention however to the first paragraph of the above section wherein we find that C.R.S. '53, 138-6-33 (which levies the same tax applicable to sales, upon the storage, use, or consumption of tangible personal property) through 138-6-42, "are hereby declared to be supplementary to the emergency retail sales tax law of 1935 * * *."

To accept the argument of counsel for Tobin would require us to hold that the legislature intended to prevent the assessment of a "use" tax on isolated transactions in which no licensed vendor was involved even though no sales tax was actually paid to the state by either the seller or the purchaser. We do not so view the legislative intent. We hold that the "exemption"

statute upon which Tobin relies was intended to prevent the imposition of a "use" tax on tangible personal property in those instances where the consumer had actually paid to a licensed "vendor" the statutory sales tax due on the sale. The Department of Revenue has adopted this interpretation in substance by Regulation 18 which provides:

"If the sales tax has not been collected by the vendor, the purchaser is liable for the use tax and should remit the same to the Director of Revenue."

In construing a statute it is our duty to give consistent, harmonious and sensible effect to all its parts.

■ C.R.S. '53, chapter 138, Article 6, contains 42 subsections under the caption "Sales and Use Tax." The entire chapter clearly indicates a legislative intent to impose a tax in the amount levied upon purchases of tangible personal property at retail, such tax to be either in the nature of an addition to the sales price and collected by the seller if he is a licensed vendor as defined in the act, or a tax to be paid by the consumer when the seller of the merchandise is not a "retailer" or "vendor" as those terms are defined by the statute. The statute, C.R.S. '53, 138-6-2 (6) provides:

"The term 'retailer' or 'vendor' means a person doing a retail business, known to the trade and public as such, and selling to the user or consumer, and not for re-sale." Hinman Bros., the seller in the instant case, was not a "vendor" or retailer" within the meaning of the statute. Hinman Bros. Company was not liable to the State of Colorado for payment of the tax. Only "retailers" or "vendors" as defined by the statute are required to collect the tax and make returns to the state. Moreover, they are required to be the holders of a license as such "retailer" or "vendor."

■ One who makes a purchase from a seller who does not hold a license as a "retailer" or "vendor" cannot with safety pay to the seller the amount of sales tax due. The obligation for payment of the tax is upon

the consumer whether the tax is called a "sales" tax or a "use" tax. As to licensed retailers or vendors the state has made them its agents for collection. Payment of the sales tax by the purchaser to such retailers or vendors amounts to payment to the state. Payment to an unlicensed seller is not payment to the state and provides no protection against a demand by the state upon the purchaser for payment of the tax. Even if Tobin had actually paid the tax to Hinman Bros. it would not prevent the direct assessment against Tobin because it is admitted that the state has not received payment. If, in fact, the amount of the tax was paid to Hinman Bros. by Tobin and no remittance thereof was made by Hinman Bros. to the state, then Tobin could recover from Hinman Bros. in an appropriate action. In the instant action it is immaterial whether or not the tax was paid to Hinman Bros.

The judgment is affirmed