No. 25236

**Flora Helen Quintana and Clarence William Hansen v. Edgewater Municipal Court, Frank H. Lumberg, Judge of the Edgewater Municipal Court, and the City of Edgewater, a Home Rule City chartered under the Constitution of the State of Colorado**

(498 P.2d 931)

Decided June 26, 1972.

Alan H. Bucholtz, for plaintiffs-appellants.

Howe and Windholz, Charles B. Howe, for defendants-appellees.

Raymond C. Johnson, for amicus curiae City of Lakewood.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The plaintiffs brought this action under C.R.C.P. 106(a)(4)

to prohibit proceedings in the Edgewater Municipal Court against the plaintiffs for violation of Edgewater's shoplifting ordinance. The plaintiffs claim the ordinance is invalid because it is in conflict with the theft statute. 1967 Perm. Supp., C.R.S. 1963, 40-5-2. The district court denied relief. We reverse.

The ordinance in question defines shoplifting as wilfully and unlawfully taking possession of any goods, wares or merchandise held for sale by a store with the intention of converting it to the use of the person so taking possession. Edgewater ordinances 850.4-1.

Colorado's theft statute makes the theft of an article having a value which does not exceed $100 a misdemeanor, and makes the crime a felony if the article stolen has a value in excess of $100.

The trial court made three conclusions of law, which were to the following effect:

1. The shoplifting ordinance involves a matter of "concurrent and mixed concern" which can be regulated by both state and home rule cities.

2. The ordinance does not conflict with the theft statute.

3. The Colorado General Assembly has not expressly preempted the subject.

 Except for the fact that the ordinance applies to the shoplifting of articles having a value in excess of $100, as well as those of lesser value, we would agree with the trial court. Municipal courts are particularly adaptable to the handling of the crime of shoplifting of articles of relatively small value. This type of theft constitutes a great problem and should be combated not only by our state authorities in state courts, but by our police deparments in municipal courts. The reasoning of *Woolverton v. Denver,* 146 Colo. 247, 361 P.2d 982 (1961), and of *Vela v. People,* 174 Colo. 465, 484 P.2d 1204 (1971), is applicable. *Gazotti v. Denver,* 143 Colo. 311, 352 P.2d 963 (1960), held that cities may not legislate upon larceny in general. This is not applicable here as the Edgewater ordinance is directed to a particular variety of theft which, as stated, is of both statewide and municipal

concern.

When, however, Edgewater did not limit shoplifting to goods, wares and merchandise having a value not exceeding $100, it entered the felony category, which is exclusively within the jurisdiction of our district courts. Colo. Const. art. VI, § 9; 1965 Perm. Supp., C.R.S. 1963, 37-13-6. The Edgewater ordinance, therefore, goes beyond a local and municipal matter under Colo. Const. art. XX, § 6; cf. *Cleveland v. Betts,* 168 Ohio St. 386, 154 N.E.2d 917 (1958). We find ourselves unable to agree with counsel for the city that the ordinance is constitutional so long as it is applied only to petty theft. The ordinance contains no severable operative provisions. Also, insofar as the record here discloses, the articles allegedly taken by the plaintiffs may have had a value in excess of $100.

The judgment is reversed and the cause remanded with directions to grant the relief prayed for by the plaintiffs.