No. 85-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

LEWIS E. BRUEGGEMANN,

        Plaintiff and Appellant,

    -vs-

CITY OF BILLINGS,

        Defendant and Respondent.

*******************

YELLOWSTONE COUNTY BAR ASSOCIATION,
NEIL S. KEEFER, individually, and as
President of the Yellowstone County
Bar Association,

        Plaintiffs and Appellants,
    -vs-

CITY OF BILLINGS,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gerald J. Neely argued for Brueggemann, Billings,
Montana
Moses Law Firm; Charles F. Moses argued for Keefer,
Billings, Montana
Lewis E. Brueggemann argued pro se, Billings, Montana

    For Respondent:

        K.D. Peterson; Peterson, Schofield & Leckie, Billings,
Montana

_____

Submitted: April 24, 1986

Decided: June 4, 1986

Filed: JUN 4 - 1986

Ethel M. Harrison

_____

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

In 1982, pursuant to its self-government powers, the City of Billings (Billings) passed ordinance 82-4474 (4474), which imposed an annual tax on all persons and entities doing business within Billings. Mr. Brueggemann and the Yellowstone County Bar Association (Bar) challenged the constitutionality of the ordinance. After cross motions for summary judgment, the Yellowstone County District Court granted Billings' motion, but, in doing so, first severed offending sections then affirmed the ordinance. Mr. Brueggemann and the Bar appeal. We reverse.

We restate the issues:

1. Did the District Court err in finding ordinance 4474 a valid and constitutionally permissible tax?

2. Did the District Court err in awarding Messrs. Brueggemann and Neely attorney fees?

Ordinance 4474 evolved from two previous ordinances. In June 1982, Billings enacted ordinance 82-4445 (4445), which required all businesses to be licensed in order to carry on business. The cost of the license was based on a business' gross revenue. In July 1982, Mr. Brueggemann brought an action to test the validity of ordinance 4445. In August 1982, the Bar brought an action to test the validity of the same ordinance. Later, the cases were consolidated. In September 1982, ordinance 4445 was amended by ordinance 82-4463 (4463). In November 1982, ordinance 4463 was repealed and 4474 was adopted.

In October 1983, the Court decreed ordinance 4445 unconstitutional insofar as it attempted to license attorneys. At the same time, the District Court temporarily restrained

2

enforcement of ordinances 4463 and 4474 pending the outcome of Harlen v. City of Helena (Mont. 1984), 676 P.2d 191, 41 St.Rep. 162.

Following Harlen, which held a Helena business license tax unconstitutional because it infringed on this Court's constitutional authority to supervise and regulate attorneys and the practice of law, all parties moved for summary judgment. The District Court held ordinance 4474 constitutional, but, in doing so, severed provisions of the ordinance contrary to Harlen. As severed, ordinance 4474 subjects every lawyer or law firm carrying on the practice of law to an annual tax. The basic annual tax is calculated on a business' gross revenue.

I

Did the District Court err in finding ordinance 4474 a valid and constitutionally permissible tax?

At the outset, we note that attorneys are the only businesspeople properly before the Court, although similar arguments may be made by other businesspeople. Mr. Brueggemann originally filed suit "on his own behalf and on behalf of all other persons similarly situated, that is, all other attorneys at law practicing within the exterior boundaries of the City of Billings." The Bar is an incorporated association composed of attorneys practicing law within the City of Billings.

Plaintiffs contend that the tax constitutes a sales tax, which is beyond the scope of self-government power and violates § 7-1-112, MCA, that states in pertinent part:

> 7-1-112. Powers requiring delegation. A local government with self-government powers is prohibited the exercise of the following powers unless the power is specifically delegated by law:

(1) the power to authorize a tax on income or the sale of goods or services, except that this section shall not be construed to limit the authority of a local government to levy any other tax or establish the rate of any other tax . . .

In Montana Innkeepers Ass'n v. City of Billings (Mont. 1983), 671 P.2d 21, 23, 40 St.Rep. 1753, 1756, the Court held that a tax on the sale of temporary lodging by a hotel or motel is a sales tax prohibited by § 7-1-112(1), MCA, stating:

> Hotels and motels sell a product or service which is temporary lodging. The occupant is the consumer since he purchases the service. No title changes hands, but the consumer comes into temporary possession of the room. A tax placed on that transaction is a sales tax.

As severed, ordinance 4474 imposes a tax on the gross revenues generated from attorney-client relationships. The ordinance is not related to any regulatory control measure for the health or welfare of the City of Billings. We conclude ordinance 4474 is a tax on the sale of attorneys' services. We hold ordinance 4474 is prohibited by § 7-1-112(1), MCA.

## II

Did the District Court err in awarding Messrs. Brueggemann and Neely attorney fees?

The District Court concluded that Messrs. Brueggemann and Neely were entitled to reasonable attorney fees, arising out of the suit to have city ordinance 4445 declared unconstitutional. The District Court denied attorney fees for the suit relating to ordinance 4474.

Messrs. Brueggemann and Neely contend they are entitled to attorney fees for both suits. They maintain attorney fees could be awarded under §§ 25-10-101, 25-10-201, 25-10-711,

4

MCA; or under the equity power of the District Court; or because they served the role of a private attorney general.

Section 25-10-101, MCA, allows a plaintiff to recover costs in certain types of cases, one of which is an action involving the legality of any tax. Section 25-10-201, MCA, lists which costs may be reimbursed. "Attorney fees are not included in the list of recoverable costs." Masonovich v. School Dist. No. 1 (1978), 178 Mont. 138, 140, 582 P.2d 1234, 1235.

Section 25-10-711, MCA, allows reasonable attorney fees against a governmental entity when suit or defense is frivolous or pursued in bad faith. We find the defense of the ordinance was neither frivolous nor pursued in bad faith.

Individual attorneys cite State ex rel. Wilson v. Dept. Of Natural Resources (Mont. 1982), 648 P.2d 766, 39 St.Rep. 1294, for the proposition that a District Court can award attorney fees under its general equity powers. While a District Court may award attorney fees under its equity powers, such an award of attorney fees must be documented in the record. We will not uphold an award of attorney fees on appeal on the theory that the award stems from the equity powers of the District Court where the record provides no language that indicates the award is based on equitable principles. Here, the record does not support an award of attorney fees.

Finally, Messrs. Brueggemann and Neely maintain they served the role of a private attorney general, which benefited a common number of persons. Because the only individuals properly before this Court are attorneys and a large number of attorneys were represented by the Bar, we find this con-

5

tention without merit. We hold the District Court erred in awarding attorney fees.

We reverse the award of attorney fees by the District Court and hold that ordinance 4474 is invalid as to attorneys under § 7-1-112(1), MCA.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6