HOWARD ELECTRICAL AND ME-CHANICAL, INC., Plaintiff–Appellant Cross–Appellee,

v.

The DEPARTMENT OF REVENUE OF the STATE OF COLORADO, a Department of the State, and Alan Charnes, Executive Director of the Department of Revenue, Defendants–Appellees Cross–Appellants.

No. 85CA1449.

Colorado Court of Appeals, Div. I.

July 23, 1987.

Rehearing Denied Aug. 20, 1987.

Certiorari Granted (Howard) Jan. 25, 1988.

Melvin Coffee & Associates, P.C., Melvin A. Coffee, Theodore H. Merriam, Denver, for plaintiff-appellant cross-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees cross-appellants.

VAN CISE, Judge.

Plaintiff, Howard Electrical and Mechanical, Inc. (Howard), appeals the judgment of the district court which affirmed the determination of the executive director of the Department of Revenue (department) that Howard was liable for Regional Transportation District (RTD) taxes. The department cross-appeals that portion of the judgment which held that the statute of limitations barred collection of RTD taxes from Howard from 1976 to 1978. We affirm in part and reverse in part.

Howard is a construction contractor and purchases building materials and supplies

for use in construction. Since 1962, Howard has held a sales tax license, which permits it to purchase tangible personal property without paying sales tax on it at the time of purchase. *See* § 39–26–102(9) and (19), C.R.S. (1982 Repl.Vol. 16B); § 39–26–103(1)(a), C.R.S. (1986 Cum.Supp.); § 39–26–104(1)(a), C.R.S. (1982 Repl.Vol. 16B); *see also* Department of Revenue Regulation 26–105.1, 1 Code Colo.Reg. 201–4.

In 1974, the Regional Transportation District Sales Tax Act went into effect, authorizing a sales tax on tangible personal property purchased within the RTD district. *See* Colo.Sess.Laws 1973, ch. 285, § 2; § 32–9–119(2), C.R.S. (1986 Cum.Supp.). The department subsequently notified sales tax licensees that they could not use their sales tax licenses to avoid paying RTD sales taxes on tangible personal property purchased within the RTD district and consumed by them.

From January 1976 through December 1982, Howard purchased building materials and supplies within the RTD district. Howard did not pay RTD sales taxes to the vendor on its purchases of these materials, which were used in the construction of buildings. On its yearly tax returns, Howard reported these purchases as subject to state use tax pursuant to § 39–26–201, et seq., C.R.S. (1982 Repl.Vol. 16B), and paid that tax. However, it paid neither state sales taxes pursuant to § 39–26–101, et seq., C.R.S. (1982 Repl.Vol. 16B), nor RTD sales taxes on these purchases.

In May 1979, and again in August 1983, the department issued notices of deficiencies to Howard, claiming $252,869.04 in unpaid RTD sales taxes, plus interest of $92,920.51. Howard appealed the assessment of deficiencies to the department. After a hearing, the department determined that Howard was liable for the assessed amount of RTD sales taxes and interest thereon, and was not entitled to a vendor's fee. *See* Department of Revenue Special Regulation-Contractors, 1 Code Colo.Reg. 201–5.

Howard sought review in the district court, which conducted a trial *de novo* under § 39–21–105(2)(b), C.R.S. (1982 Repl. Vol. 16B). After the parties stipulated to the facts, the district court granted partial summary judgment for the department, holding that § 32–9–119(2)(a), C.R.S. (1986 Cum.Supp.), which authorizes RTD to levy a sales tax on transactions subject to state sales tax, also authorizes an RTD use tax, for which Howard was liable and which § 32–9–119(2)(c)(I), C.R.S. (1986 Cum.Supp.) authorized the department to collect.

In a subsequent order, the trial court determined that Howard was liable for $150,343.01 in RTD use taxes from December 1979 to December 1982, but that the statute of limitations barred collection of RTD taxes from January 1976 to December 1978; that the department could collect interest of $24,045.87 on RTD use taxes; and that Howard was not entitled to a vendor's fee.

### I.

Howard first contends that the trial court erred in holding that § 32–9–119(2) authorizes the assessment of an RTD use tax. We disagree.

Section 32–9–119(2)(a) provides, in pertinent part, that the RTD board of directors:

"for and on behalf of the district ... shall have the power to levy uniformly throughout the district a sales tax at the rate of six-tenths of one percent upon every transaction or other incident with respect to which a sales tax is now levied by the state, pursuant to the provisions of article 26 of title 39, C.R.S."

Section 32–9–119(2)(c)(I) provides, in pertinent part:

"The collection, administration, and enforcement of said sales tax shall be performed by the executive director of the department of revenue in the same manner as the collection, administration, and enforcement of the state sales tax imposed under article 26 of title 39, C.R.S....."

Section 39–26–101, et seq., C.R.S. (1982 Repl.Vol. 16B) is entitled "Sales and Use

Tax." Part 1, §§ 39–26–101 through 39–26–126, concerns sales taxes; part 2, §§ 39–26–201 through § 39–26–211, concerns use taxes, and is declared to be supplementary to part 1. Section 39–26–203(1), C.R.S. (1982 Repl.Vol. 16B); *Matthews v. State,* 193 Colo. 44, 562 P.2d 415 (1977). Sales and use taxes are not separate taxes and should not be viewed in isolation from each other. *See Matthews v. State, supra.* As our supreme court stated in *J.A. Tobin Construction Co. v. Weed,* 158 Colo. 430, 407 P.2d 350 (1965):

> "The entire chapter clearly indicates a legislative intent to impose a tax in the amount levied upon purchases of tangible personal property at retail, such tax to be either in the nature of an addition to the sales price and collected by the seller if he is a licensed vendor as defined in the act, or a tax to be paid by the consumer when the seller of the merchandise is not a 'retailer' or 'vendor' as those terms are defined by the statute."

The obligation for payment of the tax is upon the consumer whether the tax is called a "sales" tax or a "use" tax. *J.A. Tobin Construction Co. v. Weed, supra.* Hence, under the language of § 32–9–119(2)(a) permitting an RTD tax to be levied on every transaction subject to a sales tax pursuant to "article 26 of title 39, C.R.S.," the power to levy a use tax supplementary to the sales tax is included by implication. *See* § 32–9–104, C.R.S. (RTD statutes are to be liberally construed to effect intended goals).

A use tax is a levy upon "the privilege of storing, using, or consuming in this state any articles of tangible personal property purchased at retail." Section 39–26–202, C.R.S. (1982 Repl.Vol. 16B); *International Business Machines Corp. v. Charnes,* 198 Colo. 374, 601 P.2d 622 (1979). The components of use tax liability are (1) tangible personal property (2) purchased at retail (3) without prior payment of sales or use tax and (4) use or consumption in Colorado. *Fifteenth Street Investment Co. v. People,* 102 Colo. 571, 81 P.2d 764 (1938); *Tri-State*

*Generation & Transmission Ass'n, Inc. v. Department of Revenue,* 636 P.2d 1335 (Colo.App.1981).

If the buyer's ultimate disposition of the property cannot be known at the time of purchase, the purchase is not irrevocably classified as either wholesale or retail at the time of the initial transaction. *International Business Machines Corp. v. Charnes, supra.* Thus, a purchase originally characterized as "wholesale" may later be designated as "retail" in light of subsequently occurring events, such as when the purchaser itself uses the property. *See International Business Machines Corp. v. Charnes, supra.*

■ Use tax liability depends on use, not ownership. *Tri-State Generation & Transmission Association, Inc. v. Department of Revenue, supra.* By using the materials in the buildings it constructed, Howard "used" the materials for use tax purposes. *See Fifteenth Street Investment Co. v. People, supra; Tri-State Generation & Transmission Association, Inc. v. Department of Revenue, supra.* Hence, although Howard's original purchase of building materials and supplies appeared to be wholesale, and thus exempt from sales tax at the time of purchase, the wholesale transactions were transformed into retail ones upon Howard's ultimate election to dispose of the materials by using them in its own business operations. *See International Business Machines Corp. v. Charnes, supra.*

Here, the vendors of materials had no duty to collect the sales taxes because they were shown a valid sales tax license by the purchaser, Howard. However, since Howard was the ultimate consumer of the materials, each sale remained a taxable transaction under article 26 of title 39, C.R.S., and was therefore also subject to the RTD tax pursuant to § 32–9–119(2)(a). Thus, the trial court correctly determined that the materials purchased were subject to an RTD use tax.

There is a strong presumption that taxation is the rule and that exemption is the

rare exception. *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 255 (1972); *Southwest Catholic Credit Union v. Charnes,* 665 P.2d 626 (Colo.App.1982). The taxpayer who claims an exemption has the burden to establish clearly the right to that exemption. *Security Life & Accident Co. v. Heckers, supra.* Here, Howard has not met that burden.

Howard would have this court believe that, as the ultimate consumer, it is liable for neither RTD sales tax nor RTD use tax. However, because it did not pay RTD taxes at the time it purchased the materials, such taxes became due when it used them. It is, therefore, fully liable for the assessed delinquent RTD taxes, and whether the tax is characterized as a "use" tax or as a "sales" tax is immaterial. *See J.A. Tobin Construction Co. v. Weed, supra.*

■ We also disagree with Howard's contention that the trial court erred in holding that § 32–9–119(2)(c)(I) authorizes the assessment of interest on RTD tax deficiencies. That section states that the enforcement of RTD tax "shall be performed ... in the same manner as the ... enforcement of the state sales tax imposed under article 26 of title 39, C.R.S." *See ITT Diversified Credit Corp. v. Couch,* 669 P.2d 1355 (Colo.1983).

Section 39–21–109(1), C.R.S. (1982 Repl. Vol. 16B) provides, in pertinent part:

"If any amount of ... sales, use ... tax ... is not paid on or before the last date prescribed for payment, interest on such amount ... shall be paid for the period from such last date to the date paid."

By virtue of § 39–21–102, C.R.S. (1982 Repl.Vol. 16B), the interest provisions of § 39–21–109 apply to the sales and use taxes imposed by article 26 of title 39. Moreover, § 39–26–207, C.R.S. (1982 Repl. Vol. 16B) expressly authorizes assessment of interest on delinquent use taxes pursuant to § 39–21–109. *See Dye Construction Co. v. Dolan,* 41 Colo.App. 293, 589 P.2d 497 (1978).

Thus, the department is authorized by §§ 39–21–102 and 39–21–109(1), and by § 39–26–207, to impose interest on delinquent sales and use taxes, which include RTD taxes pursuant to § 32–9–119(2)(c)(I), and the trial court did not err in so ruling.

## II.

### A.

The department contends on cross-appeal that the trial court erred in determining that the statute of limitations barred collection of RTD taxes from Howard from January 1, 1976, through December 31, 1978. We agree.

The applicable statute, § 39–26–210, C.R.S. (1982 Repl.Vol. 16B), provides, in pertinent part:

"The taxes for any period, together with the interest thereon and penalties with respect thereto, imposed by this part 2 shall not be assessed ... [nor shall any] suit for collection be instituted, nor any other action to collect the same be commenced, more than three years after the date on which the tax was or is payable.... Before the expiration of such period of limitation, the taxpayer and the executive director of the department of revenue may agree in writing to an extension thereof, and the period so agreed on may be extended by subsequent agreements in writing."

*See also* § 39–26–125, C.R.S. (1982 Repl. Vol. 16B) (three-year limitation on assessment and collection of sales taxes).

Here, with respect to the tax period from January 1, 1976, through December 31, 1978, the parties executed a consent form extending the limitations period for a hearing and final determination of tax liability by the department's executive director until December 31, 1983. Although the hearing was held on December 5, 1983, the executive director did not issue a final determination until January 20, 1984. The trial court held that because the department violated the express provisions of the consent form, Howard was thus entitled to assert the statute of limitations as a defense for the tax period in question.

The department nonetheless argues that the notices of deficiency it sent to Howard in May 1979 and in August 1983 constituted an "assessment" under the statute of limitations.

An "assessment of tax," as used in § 39–26–210, is an ascertainment of the amount due. *F.W. Woolworth Co. v. State*, 699 P.2d 1 (Colo.App.1984). A notice of deficiency is an ascertainment of the amount due, and is therefore an "assessment" for the purposes of the statute of limitations. *See Morrison-Knudson Co. v. State Board of Equalization*, 58 Wyo. 500, 135 P.2d 927 (1943); *cf. F.W. Woolworth Co. v. State Department of Revenue, supra.* The trial court thus erred in holding that the RTD taxes assessed for the period in question are barred by the statute of limitations.

### B.

Similarly, Howard argues that the trial court erred in determining that assessment of RTD taxes from December 1979 to December 1982 was not barred by the statute of limitations. This contention is without merit.

With respect to the tax period in question, Howard executed a consent form waiving the limitations period for an unlimited time without objection. Such unlimited waivers are generally construed to extend either for a reasonable time or until terminated by either party after reasonable notice. *C.F. & I. Steel Corp. v. Charnes*, 637 P.2d 324 (Colo.1981). Here, neither party had terminated the waiver at the time of the final determination, and the trial court correctly determined that the RTD taxes for this period were assessed within a reasonable time after execution of the waiver. Hence, the consent form executed by Howard effectively suspended the running of the statute of limitations for the period from December 1979 to December 1982, and the department's assessment of RTD taxes for that period thus was not barred. *See C.F. & I. Steel Corp. v. Charnes, supra.*

### III.

Finally, Howard's contention that it is entitled to a vendor's fee is without merit.

Section 39–26–105(1)(a), C.R.S. (1982 Repl.Vol. 16B) makes licensed retailers and vendors agents of the state for the collection of sales taxes. *Montgomery Ward & Co. v. State*, 628 P.2d 85 (Colo.1981). Under § 32–9–119(2)(c)(I), a vendor who collects and remits RTD taxes is entitled to the fee provided by § 39–26–105(1)(a) to cover the vendor's expense in the collection and remittance of sales taxes to the department.

However, with respect to the transactions in question, Howard is not a "vendor" or "retailer" as defined by § 39–26–102(8), C.R.S. (1982 Repl.Vol. 16B), and is thus not a "vendor" entitled to a fee under §§ 32–9–119(2)(c)(I) and 39–26–105(1)(a). Thus, the trial court did not err in determining that Howard was not entitled to a vendor's fee.

That portion of the judgment which held that the statute of limitations barred collection of RTD taxes for the period from January 1, 1976 through December 31, 1978 is reversed, and the cause is remanded to the district court with instructions to reinstate the final determination of tax liability by the executive director of the department of Revenue. In all other respects, the judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.