Dawn BRADFORD, Petitioner–Appellee,

v.

The LONGMONT MUNICIPAL COURT OF THE CITY OF LONGMONT, and the Honorable Diana Van De Hey, Judge, Respondents–Appellants.

No. 91CA0173.

Colorado Court of Appeals, Div. I.

April 2, 1992.

Robert J. Dieter, Boulder, for petitioner-appellee.

Claybourne M. Douglas, City Atty., Diane Goldenstein, Asst. City Atty., Longmont, for respondents-appellants.

Opinion by Judge TURSI.

In this proceeding under C.R.C.P. 106(a)(4), respondents, Longmont Municipal Court and the Honorable Diana Van de Hey, appeal the judgment in which the district court reversed the respondents' denial of a request for a jury trial by petitioner, Dawn Bradford. We affirm.

Petitioner, who then was sixteen years old, was issued a summons and complaint for theft in violation of Longmont Municipal Code § 10.24.080. She was sixteen years old. The municipal court denied her request for a jury trial, holding that since she would not be entitled to a trial by jury under the state constitution or the Children's Code, she was not so entitled under § 13-10-114, C.R.S. (1991 Cum.Supp.) or C.M.C.R. 223.

Pursuant to C.R.C.P. 106(a)(4), petitioner sought relief in the district court. That court concluded that petitioner's alleged commission of a petty offense entitles her to a trial by jury pursuant to §§ 13-10-114 and 16-10-109, C.R.S. (1991 Cum.Supp.).

Respondents urge reversal of the district court order, contending that it abused its discretion by holding that a juvenile is entitled by statute to a jury trial in municipal court. We do not agree.

■ A defendant in municipal court possesses the right to a jury trial in any action if the state constitution or general law provides she is so entitled. Section 13-10-114; C.M.C.R. 223(1). Defendants specifically charged with municipal violations which constitute petty offenses are entitled to trial by jury. Section 16-10-109.

Therefore, a defendant possesses the right to a jury in municipal court if charged with the commission of a petty offense. A petty offense:

> means any crime or offense classified as a petty offense or, if not so classified, *which is punishable by ... a fine of not more than five hundred dollars ...* and includes any violation of a municipal ordinance or offense ... except that violation of a municipal traffic ordinance which does not constitute a criminal offense or any other municipal charter or ordinance offense which is neither criminal nor punishable by imprisonment under *any* counterpart state statute shall not constitute a petty offense.

Section 16-10-109, C.R.S. (1991 Cum.Supp.). (emphasis supplied)

■ In Longmont Municipal Code § 10.24.080, the crime with which petitioner is charged is codified as a misdemeanor. This section sets forth the elements of theft in substantially identical form as the state theft statute, § 18-4-401, C.R.S. (1991 Cum.Supp.), and it provides for penalties of fines and/or imprisonment upon conviction.

Longmont Municipal Code § 10.40.020 modifies the imprisonment penalty included in § 10.24.080 by providing:

> The violation of any section of this title constituting the misdemeanor code of the city by any person not having attained the age of eighteen years at the time of the commission of the violation shall be a misdemeanor, however, upon conviction

shall be punishable by a fine only not exceeding three hundred dollars....

Thus, a juvenile convicted in the respondent court for violation of the municipal misdemeanor of theft is subject to a fine of less than $500, and is not subject to imprisonment. Accordingly, since the violation at issue (1) constitutes a crime and (2) its counterpart state statute provides for punishment by imprisonment, it qualifies as a petty offense under the language of § 16–10–109. *See* § 16–10–109.

Also, contrary to respondents' contentions, we conclude that the district court correctly designated § 18–4–401, the theft statute for which incarceration is authorized as a penalty, as the counterpart state statute. The two theft provisions are comprised of identical elements except as to the value of the property taken, and their relationship as counterparts is buttressed by § 18–4–401(8), C.R.S. (1986 Repl.Vol. 8B) which provides: "A municipality shall have concurrent power to prohibit theft, by ordinance, where the value of the thing involved is less than three hundred dollars."

■ Respondents urge us to declare the Children's Code provision exempting a juvenile from the right to a jury trial as the statutory counterpart to the municipal ordinance. We reject this construction for a variety of reasons.

Fundamentally, before a municipal ordinance may be considered a petty offense for purposes of § 16–10–109, a state statute counterpart to the ordinance must be identified which is punishable by imprisonment. The Children's Code provision which we are urged to adopt is not a substantive statute which requires the imposition of penalties but is, instead, a special procedure by which a juvenile may be tried. As such, it cannot serve as the statutory counterpart for the municipal theft ordinance.

■ Moreover, a child does not possess a state constitutional right to a jury trial in a delinquency proceeding, primarily, because delinquency proceedings are founded upon and effectuated by unique purposes and goals. *See People in Interest of T.M.*, 742 P.2d 905 (Colo.1987).

Hence, we conclude that the rule enunciated in *People in Interest of T.M.* proscribing a child's right to jury trial is limited to delinquency proceedings and, therefore, is inapposite to circumstances in which a child is accused in municipal court of a petty offense.

In addition, the Children's Code does not supplant the authority of the municipal court to charge and try children for the alleged violation of such a criminal ordinance, nor does it impinge upon the municipal court's responsibility to ensure the right of a jury trial to each defendant so entitled in any action, including those involving juveniles. *See* §§ 13–10–101 and 13–10–114, C.R.S. (1991 Cum.Supp.); *Hardamon v. Municipal Court*, 178 Colo. 271, 497 P.2d 1000 (1972). *See also R.E.N. v. The City of Colorado Springs*, 823 P.2d 1359 (Colo.1992).

Respondents finally argue that our construction runs afoul of *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614 (1958), which holds that a municipal ordinance violation must be tried and punished in the same manner as its state counterpart. To the contrary, the district court's construction comports with *Merris*. Violation of the state theft statute constitutes a crime for which criminal liability must be fixed and punished. Therefore, a juvenile's alleged violation of the counterpart ordinance constitutes a petty offense which requires a jury trial in municipal court, if requested.

The judgment of the district court is affirmed, and the cause is remanded to it for remand to respondent municipal court.

PIERCE and DAVIDSON, JJ., concur.